SELLERS *versus* CARPENTER.

In order to the introduction of secondary evidence to prove the contents of a document, alleged to have been lost, it is, *as a general rule*, necessary to show that search has been made among the papers of the person, to whom belonged the custody of the document.

ON REPORT from *Nisi Prius*, WELLS, J. presiding.
DOWER.

SHEPLEY, C. J. — The death of the husband and his seizin during coverture are not disputed.

The defence is, that the demandant united with her husband in making a conveyance in mortgage of the premises on June 15, 1824, to Jeremiah Wardwell, and thereby relinquished her right of dower. She denies that her signature to that deed is genuine.

The tenant did not produce such a deed, but attempted to prove its existence, its execution, its loss, and its contents.

The existence of such a deed purporting to be signed by the husband and wife and to be witnessed by Charles Hutchins is satisfactorily proved. Hutchins has since deceased; and the genuineness of his signature as a witness to the deed is proved.

The testimony of Robert Wardwell one of the executors of Jeremiah Wardwell shows, that he carried the mortgage deed in the month of March, 1831, to McIntire's store in North Castine, where a sale at auction was made of the notes secured by it to Fayette Baker. He testifies, that he has never seen it since. That he has made at different times diligent search for it among his papers and those of the testator, which were in his custody alone, and could not find it. That he has caused search to be made by the other executor without success. Baker testifies, that he did not take it, when the notes were purchased by him, and that he never saw it. No assignment was made of it to Baker by the executors; but they made an assignment of it on July 30, 1831, to Howard and Hall, and at that time Hall and Baker applied to the executors to obtain the deed without success. It is admitted, that the store occupied by McIntire was subsequently burnt, but not till after he had removed from it. It does not appear, that any papers were there lost.

Peletiah Hutchins testifies, that Robert Wardwell told him in 1845, that he did not know where the deed was, unless Hall had got it.

The declarations of Dunbar, that he had written to Hall, and if he had got the letter, the deed was now in ashes, are not legal testimony.

To prove the loss of a document so as to permit proof of its contents to be introduced, the general rule as stated by Mr. Starkie is, that "it must be shown, that a *bona fide* and diligent search has been made for it in vain, where it was likely to be found." 1 Stark. Ev. 336, ed. by Metcalf. The rule, as more carefully stated by Mr. Greenleaf is, that "the party is

Sellers *v.* Carpenter.

expected to show, that he has in good faith exhausted in a reasonable degree all the sources of information and means of discovery, which the nature of the case would naturally suggest, and which were accessible to him." 1 Greenl. Ev. § 558.

Howard and Hall appear to be the persons, who should have the rightful possession of that deed. It was assigned to them. It may be true, that the Wardwells never saw it after it was at McIntire's store, and that neither Hall nor Baker had it, when it was assigned to Howard and Hall, and also true that Howard and Hall, or one of them, afterward obtained it from McIntire or from some other person present at that store who retained it until after the assignment of it was made.

It would seem, that the nature of the case would suggest, that inquiry should be made for it of the persons, who would be legally entitled to possess it, and may now be in possession of it, and yet all the testimony introduced to prove its loss may be true.

There is nothing in the testimony considered together, which renders it highly improbable, that the deed is now in the possession of Howard or Hall, who are entitled to its custody. The decided cases generally require, that search should be made among the papers of the person legally entitled to the custody of the document.

The testimony does not exhibit legal and satisfactory proof, that the deed has been lost, and the secondary evidence is not legally admissible.                    *Tenant defaulted.*

*H. Williams,* for the demandant.

*C. J. Abbott,* for the tenant.